UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:15-CR-7-CRS

SHILO T. JOSEPH                                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge concerning defendant Shilo T. Joseph's motion to suppress evidence (DN 25), and Joseph's objections thereto. The magistrate judge recommended that the suppression motion be denied. For the reasons set forth below, the Court will accept and adopt the magistrate judge's report in its entirety and deny the motion to suppress.

### BACKGROUND

On December 30, 2014, law enforcement officers conducted a search of Joseph's home at 5106 Gathwright Drive in Louisville, Kentucky. The search yielded the seizure of 65 grams of heroin, digital scales, and 2 firearms. An additional quantity of heroin was seized from a rental vehicle. Joseph has challenged the validity of the search warrant pursuant to which the search of his home was conducted. He also challenges the admissibility of his post-arrest statements. Joseph seeks to suppress the seized evidence and post-arrest statements at his trial on drug trafficking and weapons charges.

Joseph moved for suppression on the grounds that (1) the affidavit in support of the search warrant did not establish probable cause to believe that evidence of heroin trafficking would be found at 5106 Gathwright Drive on the date of the search; and (2) that his post-arrest statements were obtained without Joseph being given the *Miranda* warning.

The matter was referred to the United States Magistrate Judge for an evidentiary hearing and for the submission of findings of fact, conclusions of law, and a recommendation as to the disposition of the suppression motion. The magistrate judge heard evidence concerning the taking of Joseph's post-arrest statements.

Upon consideration of the evidence and the argument of counsel on both suppression issues, the magistrate judge issued his report. He expounded at length concerning deficiencies in the affidavit for search warrant. (DN 44, pp. 6-21). He found that the affidavit lacked sufficient factual content upon which the issuing judicial officer could find probable cause to believe that contraband or evidence of a crime would be found at the Gathwright Drive premises. He concluded, however, that the exclusionary rule should not be invoked in this instance to preclude the government from introducing the seized evidence, as a reasonably well-trained law enforcement officer could have relied in good faith on the defective search warrant. Additionally, the magistrate judge concluded, based upon the suppression hearing testimony, that Joseph made a knowing and voluntary waiver of his rights after being read the *Miranda* warning by the DEA agent who questioned him. Thus the magistrate judge recommended that Joseph's suppression motions be denied.

Joseph filed objections to the magistrate judge's report. These objections are presently before the court.

## ANALYSIS

### A. The Search of Gathwright Drive

Joseph does not take issue with any of the findings of the magistrate judge concerning the deficiencies in the affidavit for search warrant. Upon review of the affidavit, this court is in agreement that the affidavit does not contain sufficient information upon which to base a finding of probable cause. The question remains, however, whether the affidavit is sufficient to meet the test established in *United States v. Leon*, 468 U.S. 897 (1984) for the admission at trial of evidence seized in good faith pursuant to a defective warrant. Joseph urges that the affidavit is "bare bones" and thus "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923.

> As noted in *United States v. Neal*, No. 13-5875, 577 Fed.Appx. 434 (Aug. 18, 2014),
>
> The Supreme Court created the good faith exception to the exclusionary rule in *United States v. Leon*, 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), explaining that the deterrent effect of excluding evidence obtained through unlawful conduct is not furthered by "suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." An officer's reliance on a deficient warrant is not in good faith where "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n. 23, 104 S.Ct. 3405.

The standard for a finding of good faith is a less demanding one than the "substantial basis" test utilized in assessing an affidavit for probable cause. *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004). "Thus, it is entirely possible that an affidavit contains 'a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's good-faith belief in the warrant's validity, even if the information provided was not enough to establish probable cause.'" *Carpenter*, 360 F.3d at 596.

A warrant supported by nothing more than a "bare bones" affidavit is so lacking in indicia of probable cause that a reasonablywell- trained officer could not reasonably rely on it to

3

be a valid warrant. *Neal*, 577 Fed.Appx. at 448. The Sixth Circuit case of *United States v. Weaver*, 99 F.3d 1372, 1377-79 (6th Cir. 1996) provides some guidance for the district court in evaluating the sufficiency of an affidavit:

> An affidavit that states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge, is a "bare bones" affidavit. *See Aguilar*,[1] 378 U.S. at 114, 84 S.Ct. at 1514. In determining whether an affidavit is "bare bones," the reviewing court is concerned exclusively with the statements contained within the affidavit itself. *Whiteley*,[2] 401 U.S. at 564-65, 91 S.Ct. at 1034-35; *United States v. Hatcher*, 473 F.2d 321, 323 (6th Cir. 1973). As we are aware that "affidavits are 'normally drafted by nonlawyers in the midst and haste of a criminal investigation,'" we remain cautious not to interpret the language of affidavits in a "hypertechnical" manner. *Pelham*,[3] 801 F.2d at 878 (citing *United States v. Ventresca*, 380 U.S. 102, 108-09, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965)). Nevertheless, it is imperative that affidavits accurately reflect the facts of the particular situation at hand. *United States v. Richardson*, 861 F.2d 291, 294-95 (D.C.Cir. 1988), *cert. denied*, 489 U.S. 1058, 109 S.Ct. 1325, 103 L.Ed.2d 593 (1989).

The circumstances of each case are unique. *Weaver*, 99 F.3d at 1379 (*citing Leon*, 468 U.S. at 918).

We have before us more than "mere suspicions, beliefs, or conclusions." The affidavit in this case establishes that the affiant independently corroborated information received from a "reliable confidential informant" that Joseph and a compatriot known as Michael Thomas sold large amounts of heroin, often from a vehicle after leaving 5106 Gathwright Drive. The informant noted having witnessed Joseph and Thomas together selling heroin from a vehicle on multiple occasions. The informant was not identified.

The affiant stated that he conducted multiple controlled buys from Joseph over the course of several months, and that the informant purchased a quantity of heroin from Joseph within two to three days prior to the applicant's presentation of the application for search warrant. The

---

[1] *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
[2] *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).
[3] *United States v. Pelham*, 801 F.2d 875 (6th Cir. 1986), *cert. denied*, 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987).

affiant attested to a pattern of conduct by Joseph where he would leave 5106 Gathwright Drive, conduct a narcotics transaction from a vehicle, and immediately return to the residence. The affiant thus took the informant's representations and, through further investigative effort, built a factual foundation sufficient to find, at a minimum, a nexus between the residence and suspected drug trafficking. A reasonably well-trained officer could have relied upon this information in believing, in good-faith, that this warrant was valid. The motion to suppress evidence seized pursuant to this search warrant will be denied.

### B.  Statements taken from Joseph

Joseph offers little in the way of argument to contest the findings of fact and conclusions of law of the magistrate judge concerning the taking of Joseph's statements after his arrest. He urges that there was no "credible explanation" why the interrogating officer had Joseph sign a DEA form declining to have the interview recorded but did not obtain a signed *Miranda* waiver form. Joseph concludes that "it is convenient that there is no video evidence of the verbal *Miranda* waiver after the recording declination was signed." DN 45, p. 5.

The magistrate judge concluded, based upon the hearing testimony, that Agent Moore advised Joseph of his *Miranda* rights prior to Joseph decision to make any statement. Joseph offers no evidence to contradict the testimony of Agent Moore that he followed his normal practice of reading aloud from the DEA *Miranda* rights waiver card, and that Joseph responded affirmatively that he understood his rights and that he wished to speak to the police. Joseph has offered nothing to indicate that any coercive or deceptive practices were employed. Joseph simply indicates that it is a puzzle that a written *Miranda* waiver was not obtained. However, as noted by the magistrate judge, a satisfactory waiver of *Miranda* rights is not required to be made

in writing, nor need it be expressly made. *United States v. Miggins*, 302 F.3d 384, 397 (6th Cir. 2002). It is sufficient if the evidence establishes that, after being properly informed of his rights and his indication that he understands them, that he proceeds to speak to the police. *United States v. Nichols*, 512 F.3d 789, 798-99 (6th Cir. 2008). The motion to suppress Joseph's statements will be denied.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge (DN 44) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and the motion of the defendant, Shilo T. Joseph, to suppress evidence (DN 25) is **DENIED.**

July 22, 2015

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge**
**United States District Court**